[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 10, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10068
Non-Argument Calendar

_____

D. C. Docket No. 03-00934-CV-TWT-1

SYBIL JACKSON,

Plaintiff-Appellant,

versus

HENNESSY AUTO,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 10, 2006)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Sybil Jackson appeals *pro se* the district court's grant of summary judgment

in favor of her former employer, Hennessy Auto (Hennessy), as to her complaint

alleging hostile work environment sexual harassment, sex discrimination, and retaliation. On appeal, Jackson only disputes the date of her termination from Hennessy and does not otherwise dispute the district court's order. The district court did not err, and we affirm.

"We review *de novo* the district court's grant of summary judgment, applying the same standard as the district court" and viewing "all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party." *Burton v. Tampa Housing Authority*, 271 F.3d 1274, 1276-77 (11th Cir. 2001). "A grant of summary judgment may be upheld on any basis supported by the record." *Id.* at 1277.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A party moving for summary judgment has the burden of showing that there is no genuine issue of fact." *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990) (quotations and citation omitted). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Bailey v. Allgas,*

2

*Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002) (emphasis, quotations, and citations omitted). "A party opposing a properly submitted motion for summary judgment may not rest upon mere allegation or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Eberhardt*, 901 F.2d at 1580 (quotations and citation omitted).

Here, the district court gave Jackson timely notice of its intent to rule on Hennessy's motion for summary judgment, as required under Rule 56(c) of the Federal Rules of Civil Procedure, advising her of her rights under that rule and how best to defend the motion. *See Griffith v. Wainwright*, 772 F.2d 822, 825-26 (11th Cir. 1985) (holding summary judgment cannot be entered against a *pro se* party unless that party has been given notice of his rights under the rule and how he might best defend them). Jackson, however, did not file a response to Hennessy's motion for summary judgment or proffer any evidence to support a material issue of fact for trial. Therefore, the district court did not err in finding there was no genuine issue of material fact.

Furthermore, Jackson does not make any arguments in her appellate brief that the district court erred in granting summary judgment for Hennessy. "Issues that are not clearly outlined in an appellant's initial brief are deemed abandoned." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1317 n.17 (11th Cir. 1999). Even

3

though this Court affords liberal construction to *pro se* pleadings, a *pro se* litigant who offers no substantive argument on an issue in her initial brief abandons a challenge to that issue on appeal. *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir.1994) (noting a *pro se* litigant abandons an issue by not challenging it on appeal).

Regardless, the district court did not err in granting summary judgment in favor of Hennessy on the merits of all three claims. Regarding Jackson's hostile work environment sexual harassment claim, the magistrate found, in pertinent part, that Jackson could not meet the liability prong of a *prima facie* case because Hennessy's response to the reported harassment was appropriate and reasonable, despite having failed to prevent future harassment. Where the perpetrator of the harassment is a co-employee of the victim, the employer will be held directly liable only if it knew, or should have known, of the harassing conduct and failed to take remedial action. *Breda v. Wolf Camera & Video*, 222 F.3d 886, 889 (11th Cir. 2000). To be appropriate, "[t]he 'remedial action' must be reasonably likely to prevent the misconduct from recurring." *Kilgore v. Thompson & Brock Mgmt., Inc.*, 93 F.3d 752, 754 (11th Cir. 1996). Hennessy investigated Jackson's allegations, interviewed Smith, and issued a written reprimand prohibiting Smith from talking to coworkers outside of work without their permission. This is

reasonable, given that Jackson had made no prior complaints against Smith, the conduct of which Jackson complained included primarily unwanted and inappropriate contact outside of work, and Hennessy did not have any problems with Smith harassing other women and found Smith's version of events credible.

Regarding Jackson's sex discrimination claim, the magistrate found Jackson failed to make out a *prima facie* case because, unlike Jackson's proffered comparator, Jackson's violation of Hennessy's policy could cause Hennessy to suffer sanctions. To make out a *prima facie* case, a plaintiff must show, among other things, that a comparator employee was "'involved in or accused of the same or similar conduct,' yet [was] disciplined in a different more favorable manner." *Anderson v. WBMG-42*, 253 F.3d 561, 564 (11th Cir. 2001) (citation omitted). "The most important factors in the disciplinary context are the nature of the offenses committed and the nature of the punishments imposed." *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999) (quotations and citation omitted). Jackson's husband drove Jackson's personal vehicle with Hennessy dealer tags, which, in addition to violating Hennessy's policy, subjected Hennessy to the possibility of fines or the revocation of dealer plates. By contrast, Freeman, Jackson's identified comparator, violated Hennessy's policy forbidding family members to drive demo cars by allowing his wife to drive his demo car. Hennessy

5

did not view an infraction of its demo car policy to be serious.  Therefore, Jackson and Freeman were not sufficiently similarly situated to support a *prima facie* case of sex discrimination.

Lastly, regarding Jackson's retaliation claim, the magistrate found Jackson failed to demonstrate pretext.  The magistrate reasoned that, although temporal proximity existed between Jackson's complaint and her termination, Jackson could not show Hennessy's firing Jackson for violation of its policy on the use of dealer tags was pretextual.  Although a plaintiff can use temporal proximity to show a defendant's proffered reason for termination was pretextual, temporal proximity alone does not establish pretext.  *See Wascura v. City of South Miami*, 257 F.3d 1238, 1244-45 (11th Cir. 2001) (discussing pretext in the discrimination context). Jackson does not offer any evidence of pretext beyond temporal proximity. Furthermore, the evidence in the record shows Hennessy terminated Jackson because she violated Hennessy's policy on dealer tags, which, because of the potential sanctions it could incur the dealership, Hennessy viewed as a serious violation.

AFFIRMED.