[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 25, 2006
THOMAS K. KAHN
CLERK

-----------------------------------------

No. 04-16124
Non-Argument Calendar

-----------------------------------------

D.C. Docket  No. 04-00256-CR-B-J

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GROVER SANDERS,
a. k. a. Grover Steven Sanders,
a. k. a. Grover Stephen Sanders,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Alabama

----------------------------------------------------------------

**(October 25, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant Grover Stephen Sanders, appearing pro se, appeals his convictions following a jury trial for (1) failure to appear at his sentencing hearing, 18 U.S.C. § 3146; (2) possession with intent to distribute in excess of 100 marijuana plants, 21 U.S.C. § 841(a)(1); (3) being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1); and (4) escaping from a county jail where he was being held as a federal prisoner, 18 U.S.C. § 751(a). No reversible error has been shown; we affirm.

At his trial, Sanders objected to the district court's instruction to the jury that it could convict him of marijuana possession even "if the quantity of the controlled substance for which he should be held responsible is less than the amount charged." The court also explained to the jury that, although the government was required to prove that Sanders possessed a measurable amount of marijuana with intent to distribute it, the government was not required to prove that Sanders possessed "any particular amount" of marijuana. The jury found Sanders guilty of marijuana possession but made a special finding that he did not possess in excess of 100 marijuana plants.

Sanders argues that the district court's jury instruction about the marijuana possession charge effectively amended his indictment by eliminating the requirement that Sanders possessed more than 100 marijuana plants. Sanders also

contends that, because the jury found that he did not possess more than 100 marijuana plants, he should have been found not guilty of the marijuana possession count charged in his indictment. We disagree.

"We review jury instructions de novo, to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party." United States v. Brown, 441 F.3d 1330, 1368-69 (11th Cir. 2006) (internal quotation omitted). "If the instructions accurately reflect the law, the trial judge is given wide discretion as to the style and wording employed in the instruction." United States v. Verbitskaya, 406 F.3d 1324, 1330-31 (11th Cir. 2005), cert. denied, 126 S.Ct. 1095 (2006). Therefore, "[w]e will reverse the district court because of an erroneous instruction only if we are left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." Id. (internal quotation omitted).

In this case, the district court's jury instruction about the charge against Sanders of marijuana possession in violation of 21 U.S.C. § 841(a)(1) did not misstate the law about the government's burden in proving the drug quantity attributable to Sanders or otherwise prejudice him. "A violation of section 841(a)(1) occurs when the government proves beyond a reasonable doubt that a defendant possessed and intended to distribute a 'controlled substance' . . . . The

3

nature and quantity of the controlled substance are relevant only to sentencing . . . ." United States v. Williams, 876 F.2d 1521, 1525 (11th Cir. 1989); see also United States v. Clay, 376 F.3d 1296, 1298, 1301 (11th Cir. 2004) (explaining that where a defendant was charged with conspiracy to possess controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, "the specific quantity of drugs for which he was accountable is not an element of the crime charged"); United States v. Revel, 971 F.2d 656, 659 (11th Cir. 1992) (concluding that, where a defendant was charged with violating 21 U.S.C. §§ 841(a)(1) and 846, the district court did not err in instructing the jury "that the quantity of cocaine alleged in the indictment was not an element of the offense the government was required to prove at trial . . . [b]ecause the nature and quantity of controlled substances are relevant only to sentencing").

Therefore, the district court's instruction to the jury on the marijuana possession charge was not reversible error. In addition, as drug quantity is not an element of this offense, we reject Sanders's argument that the jury should have found him not guilty of the marijuana possession charge because the jury did not attribute in excess of 100 marijuana plants to him.

Sanders next asks that we review his motion to suppress evidence, which was denied by the district court at the start of Sanders's trial and that we grant this

motion on appeal.  Sanders raises no argument about why the district court erred in denying his motion to suppress.  We conclude that Sanders has abandoned a challenge to the denial of his motion to suppress.  Although we are mindful of the liberal construction we afford to <u>pro</u> <u>se</u> pleadings, a <u>pro</u> <u>se</u> litigant who offers no substantive argument on an issue in his initial brief abandons a challenge to that issue on appeal.  <u>See</u> <u>Irwin v. Hawk</u>, 40 F.3d 347, 347 n. 1 (11th Cir. 1994) (noting a <u>pro</u> <u>se</u> litigant abandons an issue by not challenging it on appeal).[*]

**AFFIRMED.**

---

[*]We note that Sanders does challenge the denial of his motion to suppress in his reply brief.  But arguments raised for the first time in a reply brief are not properly before us.  <u>See</u> <u>United States v. Thomas</u>, 242 F.3d 1028, 1033 (11th Cir. 2001).