[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 31, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11878
Non-Argument Calendar

_____

D. C. Docket No. 06-00015-CV-FTM-29-DNF

MIGUEL CLIME,

Plaintiff-Appellant,

versus

SUNWEST PEO,
CNA CLAIMPLUS, INC.,
ARIAS LAW FIRM, P.A.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 31, 2007)

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Miguel Clime, proceeding pro se, appeals the district court's sua sponte dismissal of his complaint without prejudice, pursuant to 28 U.S.C. § 1915(e), for, inter alia, failure to state a claim. In January 2006, Clime filed the instant complaint against Sunwest PEO, CNA Claims Plus, Inc. and the Arias Law Firm ("Arias"), appearing to allege: (1) racial discrimination, retaliation, and a hostile work environment, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2, 3; (2) unlawful misconduct and negligence by Arias; and (3) violations of 42 U.S.C. §§ 1981, 1982, and 1985 for "compiration," retaliation, and obstruction of justice. The district court adopted a magistrate judge's report recommending that Clime's action be dismissed for failure to state a claim and for failure to comply with its order to file an amended complaint in compliance with the Federal Rules of Civil Procedure.

On appeal, Clime states, in his statement of material issues, that the district court erred by issuing "summary judgment" against him because he presented sufficient evidence to create a genuine issue of material fact as to whether the defendants violated the "EPPA,"[1] retaliated against him, engaged in misconduct, or were negligent. Clime also provides the standard of review for granting summary judgment. Clime then attempts to use his Blue Brief to file an amended complaint

---

[1] He may be referring to the Employee Polygraph Protection Act, 29 U.S.C. § 2002(1), although he did not appear to allege a violation of this Act in his complaint.

in compliance with the court's orders below, with attached exhibits, and a "counterclaim" against Arias.

A district court's dismissal for failure to state a claim, pursuant to § 1915(e)(2)(B)(ii), is reviewed <u>de novo</u>, using the same standards that govern Fed.R.Civ.P. 12(b)(6) dismissals. <u>See</u> <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e) provides, <u>inter alia</u>, that any <u>in forma pauperis</u> action or appeal shall be dismissed at any time if it fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, the federal rules do require "a short and plain statement" of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. <u>See</u> Fed.R.Civ.P. 8(a); <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 683 (11th Cir. 2001). While notice pleading does not require the complainant to allege a fact to cover every element of a claim, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." <u>Id.</u> (quotations and citations omitted).

Upon review of the pleadings, and Clime's brief, we find no reversible error.

3

As an initial matter, because Clime raises no argument regarding the court's finding that he failed to state a claim, he has abandoned this argument on appeal. See Irwin v. Hawk, 40 F.3d 347, 347 n.1 (11th Cir.1994) (noting that pro se litigant abandons issue by failing to challenge it on appeal); Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir.1989) (deeming issue waived where party fails to include substantive argument and only makes passing reference to the order appealed from). In any event, because Clime appeared, at most, to make conclusory and vague allegations, and his complaint was largely incoherent, the district court did not err by dismissing his complaint for failure to state a claim.

**AFFIRMED.**[2]

---

[2] Clime's request for oral argument is denied.