[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12521
_____

D. C. Docket No. 1:09-cv-00899-TWT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 27, 2012
JOHN LEY
CLERK

SUSAN PORTER,
DAMINGA PORTER,

                                                          Plaintiffs-Appellants,

        versus

RICKY L. JEWELL,
in his individual and
official capacity as City
of McDonough police officer,
PRESTON DORSEY,
in his individual and
official capacity as City of McDonough police chief,

                                                          Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 27, 2012)

Before EDMONDSON, WILSON, and BLACK, Circuit Judges.

PER CURIAM:

Susan Porter,[1] proceeding pro se, appeals the district court's grant of summary judgment in favor of Officer Ricky Jewell, Chief Preston Dorsey, and the City of McDonough, Georgia ("City")[2] in her 42 U.S.C. § 1983 lawsuit. No reversible error has been shown; we affirm.

Porter's complaint arose from the following series of events. Porter's brother told Officer Jewell, an officer in the City's police force, that he was concerned about his niece's well being because he suspected that Porter was living with a convicted child molester. Upon the brother's request, Officer Jewell visited Porter's apartment to do a "welfare check," but the Officer left when no one answered the door.

Later that day, after Porter called the police department, Officer Jewell and another officer returned to the apartment. Porter opened the door and denied that

---

[1] Daminga Porter, Susan Porter's minor daughter, was also a plaintiff in this case and appeals the district court's order. Because Daminga's appellate arguments are the same as her mother's, we will not address them separately and our analysis of Porter's claims applies with equal force to Daminga.

[2] Although Porter did not name the City in her complaint, when an officer of the government is sued in his official capacity -- as in this case -- and "the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 105 S.Ct. 3099, 3105 (1985). Because the district court treated the City as a party and granted summary judgment in the City's favor, Porter is entitled to challenge that decision on appeal.

she was living with a man. Although she invited the officers to inspect the apartment, the officers did not enter. The parties dispute what happened next. According to Porter, she closed the door; and Officer Jewell began banging on and kicking the door and continued for several minutes. Porter was then unable to open the door after the officers left because the door's deadbolt and doorframe were cracked. Porter and her daughter were confined in the apartment for one hour before the apartment complex's maintenance worker arrived to repair the door. Porter reported the incident to the police department; but, after a brief investigation, Chief Dorsey concluded that the matter did not warrant an internal affairs investigation.

Porter filed a civil rights complaint against Officer Jewell and Chief Dorsey, in their individual and official capacities, pursuant to section 1983. She alleged that when Officer Jewell damaged her door, he interfered with her possessory interest in her apartment and restrained her movement, in violation of the Fourth Amendment.[3] She also contended that Chief Dorsey, who was Officer Jewell's supervisor, was liable for Officer Jewell's conduct because he failed to provide proper training and discipline. Because Porter sued both officers in their official

---

[3]Porter also alleged a Fourteenth Amendment due process violation. Because she does not raise that claim on appeal, she has abandoned it. See Irwin v. Hawk, 40 F.3d 347, 347 n.1 (11th Cir. 1994).

capacities, the district court construed the complaint as asserting a municipal liability claim against the City. The officers and the City filed a motion for summary judgment which the district court granted.

We review a district court's grant of summary judgment de novo, and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. Skop v. City of Atlanta, 485 F.3d 1130, 1136 (11th Cir. 2007). "Summary judgment is appropriate if the evidence establishes 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003). We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Qualified immunity shields a government official sued in his individual capacity from liability for section 1983 claims if the official's conduct did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Jordan v. Doe, 38 F.3d 1559, 1565 (11th Cir. 1994). Once an officer establishes that "he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred," the burden shifts to the plaintiff to show that (1) the facts, as alleged and viewed in the light

4

most favorable to the plaintiff, establish a constitutional violation and (2) the constitutional right violated clearly was already established. Id.

The Fourth Amendment protects people "against unreasonable searches and seizures." U.S. Const. amend. IV. A "seizure" of property under the Fourth Amendment "occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" Soldal v. Cook Cnty., Ill., 113 S.Ct. 538, 543 (1992).

The Constitution, however, "is not concerned" with de minimis violations. Ingraham v. Wright, 97 S.Ct. 1401, 1414 (1977); see also United States v. Hernandez, 418 F.3d 1206, 1212 n.7 (11th Cir. 2005) (stating that "[o]f trifles the law does not concern itself: De minimis non curat lex"); United States v. Purcell, 236 F.3d 1274, 1279 (11th Cir. 2001) (concluding that a de minimis delay during a traffic stop did not violate the Fourth Amendment); Nolin v. Isbell, 207 F.3d 1253, 1257 (11th Cir. 2000) (stating that "the application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment"). Although we have not addressed the amount of property damage required to constitute a "seizure" of that property under the Fourth Amendment, we are convinced -- based on our decisions in these other contexts -- that a de

minimis amount of damage does not rise to the level of a Fourth Amendment violation.

Viewing the facts in the light most favorable to Porter, Officer Jewell banged on and kicked her apartment door several times unprovoked, cracking the doorframe and damaging the deadbolt. Officer Jewell did not, however, kick the door down or permanently destroy the door. Thus, at most, the damage was only a temporary deprivation of Porter's possessory interests. Cf. United States v. Jacobsen, 104 S.Ct. 1652, 1662 (1984) (concluding that a field test of suspected drugs "did affect respondents' possessory interests protected by the [Fourth] Amendment, since by destroying a quantity of the powder it converted what had been only a temporary deprivation of possessory interests into a permanent one."). Moreover, because this damage was relatively minor and was able to be repaired within an hour, we agree with the district court's conclusion that the damage was de minimis. Thus, there was no "meaningful interference" with Porter's possessory interests and no "seizure" of property within the meaning of the Fourth Amendment. See Soldal, 113 S.Ct. at 543.

Officer Jewell's conduct also did not result in a "seizure" of Porter and her daughter under the Fourth Amendment.[4] An officer "seizes" a person for purposes of the Fourth Amendment when he "restrains the freedom of a person to walk away." Brower v. Cnty. of Inyo, 109 S.Ct. 1378, 1380 (1989). "Violation of the Fourth Amendment requires an intentional acquisition of physical control." Id. at 1381. Thus, a Fourth Amendment seizure occurs "only when there is a governmental termination of freedom of movement through means intentionally applied." Id. (emphasis in original).

The evidence, viewed in the light most favorable to Porter, indicates that Officer Jewell damaged Porter's door in such a way that Porter and her daughter were unable to exit. Nothing in the record evidences that Officer Jewell intended to trap Porter inside. In fact, one would expect that banging and kicking a door would result in the door being forced open, not forced closed. Because Officer Jewell did not restrain Porter or her daughter "through means intentionally applied," there was no "seizure" of persons under the Fourth Amendment.

Because Porter failed to establish that Officer Jewell's conduct resulted in a constitutional violation, Officer Jewell was entitled to qualified immunity. See

---

[4]Although it is not clear whether this claim was addressed below, we may affirm a grant of summary judgment for any reason supported by the record. See Bircoll v. Miami-Dade County, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).

7

<u>Jordan</u>, 38 F.3d at 1565.  And Porter's claims against Chief Dorsey and the City --

based on their liability for Officer Jewell's alleged constitutional violation -- also

must fail.

AFFIRMED.