[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11883
Non-Argument Calendar

_____

D.C. Docket No. 2:08-cv-00847-JES-DNF

PAUL A. ACQUISTO,

Plaintiff-Appellant,

versus

SECURE HORIZONS,
by United Healthcare Insurance Company,
SECRETARY, US DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

Defendants-Appellees,

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 24, 2013)

Before WILSON, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Paul A. Acquisto, proceeding *pro se*, appeals the district court's dismissal of his claims against Secure Horizons by United Healthcare Insurance Company (UHIC) stemming from alleged breaches of a contract for Medicare coverage.  On appeal, Acquisto argues the district court improperly dismissed (1) Counts I- IV of his complaint for lack of subject matter jurisdiction, and (2) Count VII of his complaint on the basis that the Medicare administrative remedy process did not violate his due process rights.[1]  After review, we affirm the district court's dismissal of Acquisto's claims.[2]

I.

A federal district court does not have subject matter jurisdiction over any claim arising under the Medicare Act until a claimant has first gone through the Department of Health and Human Services' (DHHS) administrative appeals process.  *Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 778-79 (11th

---

[1]  Acquisto's initial brief does not address Counts V or VI.  He has therefore abandoned any arguments with regard to these claims on appeal.  *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994).

[2]  We review *de novo* a district court's dismissal for lack of subject matter jurisdiction under Rule 12(b)(1), *see McElmurray v. Consol. Gov't of Augusta-Richmond Cnty*., 501 F.3d 1244, 1250 (11th Cir. 2007), as well as a district court's dismissal for failure to state a claim under Rule 12(b)(6), *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1264 (11th Cir. 2011). "[W]e may affirm the district court's judgment on any ground that appears in the record." *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012) (quotation marks omitted). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Cir. 2002).  In addition to demonstrating exhaustion of administrative remedies, a claimant must establish his claim meets the amount in controversy requirement. 42 U.S.C. § 1395w-22(g)(5).  Review by the DHHS Secretary is not available for a claim with an amount in controversy less than $100, and judicial review is not available for a claim with an amount in controversy less than $1000.  42 U.S.C. §§ 1395ff(b)(1)(E)(i), 1395w-22(g)(5).

The only damage Acquisto alleged in his complaint was a five dollar co-payment he made to LabCorp for lab services, which he was later reimbursed for. Even if we were to calculate the amount in controversy as the amount of Acquisto's premium payments, he would still not meet the $1,000 jurisdictional requirement.  UHIC waived all relevant co-payments related to services performed prior to February 27, 2007, so there were no breaches of contract or damages suffered by Acquisto prior to that date.  The remaining premium payments, at his monthly rate of $93.50, would amount to less than the statutory requirement.  *See* 42 U.S.C. §§ 1395ff(b)(1)(E)(i) and 1395w-22(g)(5).  Moreover, although Acquisto contends his claims do not arise under the Medicare Act, each of his breach-related claims is a claim for benefits, or inextricably intertwined with a claim for benefits, and thus subject to the jurisdictional limits of the Medicare Act. *See Heckler v. Ringer*, 104 S. Ct. 2013, 2021-22 (1984).  Because Acquisto has

3

not met the amount in controversy requirement, the district court properly dismissed Counts I-IV for lack of subject matter jurisdiction.

## II.

Acquisto argues he has a constitutionally protected liberty or property interest in appealing UHIC's determination with regard to his grievances. There is no such constitutionally protected property interest. *See Cook v. Wiley*, 208 F.3d 1314, 1322 (11th Cir. 2000) (noting the initial question in determining whether a plaintiff has sufficiently alleged Due Process Clause violation is whether the plaintiff has alleged a deprivation of a constitutionally protected liberty or property interest). To the contrary, whereas the regulations contemplate a right to appeal organization determinations, no such right of appeal has been conferred for grievances. *See* 42 C.F.R. §§ 422.561, 422.562(b)(4), and 422.564(b). Acquisto further challenges the regulations as unconstitutionally vague, but the regulations clearly define a grievance such that men of common intelligence would not be required to guess at its meaning. *See Broadrick v. Oklahoma*, 93 S. Ct. 2908, 2913 (1973); 42 C.F.R. § 422.561. Because Acquisto's claims for the alleged breaches of contract did not meet the requisite amount in controversy and the Medicare Act's regulations did not deprive him of a constitutionally protected

4

liberty or property interest, the district court properly dismissed his complaint under Rule 12.[3]

**AFFIRMED.**

---

[3] Because the district court's dismissal of Acquisto's claims was appropriate, we need not discuss the issue of class certification. *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1297 (11th Cir. 2005).