[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10257
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-02031-CAP

RHONDA J. CLARK,
a.k.a. Rhonda J. Fulgham,

Plaintiff-Appellant,

versus

HSBC BANK USA, NATIONAL ASSOCIATION,
as Trustee,
NATIONSTAR MORTGAGE, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 8, 2016)

Before HULL, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Rhonda Clark, appearing pro se, appeals the district court's dismissal of her complaint against HSBC Bank USA, N.A. ("HSBC") and Nationstar Mortgage, LLC, ("Nationstar"), in which she alleged that the defendants wrongfully foreclosed on her property, and violated Regulation X of the Real Estate Settlement Procedures Act ("RESPA").  On appeal, Clark argues that the district court erred in dismissing her Regulation X claim and in denying her leave to amend, because at the time of the foreclosure sale, she had not received any communication from her mortgage servicer as to the status of her request for loan modification.  Further, she contends that HSBC was her mortgage servicer, and knew or should have known that she was under consideration for a loan modification with her previous loan servicer, Bank of America, and thus, Regulation X prevented HSBC from foreclosing on her property.  After a careful review of the records and the parties' briefs, we affirm.

## I.    Standard of Review

We review a district court's dismissal for failure to state a claim de novo. *See Hunnings v. Texaco*, 29 F.3d 1480, 1484 (11th Cir. 1994).  Although we review the denial of a motion to amend a complaint for an abuse of discretion, we review a denial due to futility de novo "because [the district court] is concluding that as a matter of law an amended complaint would necessarily fail." *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1040 (11th

2

Cir. 2006) (internal quotation marks omitted).  Lastly, pro se pleadings are liberally construed and are held to a less stringent standard than pleadings drafted by attorneys.  *Bingham v. Thomas*, 654 F.3d. 1171, 1175 (11th Cir. 2011).  However, where a pro se litigant fails to challenge an issue on appeal, the issue is deemed abandoned.  *Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994).

## II.    Discussion

Here, the district court did not err in dismissing Clark's RESPA claim, brought pursuant to Regulation X, for failure to state a claim because Clark did not comply with the regulations to warrant a claim, and HSBC is not a loan servicer and is therefore not subject to the regulation.

To survive a motion to dismiss, a plaintiff's complaint must state a claim that is plausible on its face and feature more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  To satisfy the plausibility standard, the complaint must demonstrate more than a sheer possibility that the defendants have acted unlawfully.  *Id.*  We need not accept "legal conclusion[s] couched as a factual allegation" or "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements" as true.  *Id.*  Determining whether a complaint survives a motion to dismiss is a "context-specific" task and the allegations must

3

permit the court, based on "its judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* at 679.

### A. *Clark Did Not Comply With Regulation's Requirements*

Although it appears that Clark does not challenge the district court's determination regarding her RESPA claim against Nationstar, as she does not present any arguments against or mention Nationstar in her brief, to the extent that she has preserved that claim, the district court did not err in its determination because Clark's loss mitigation application was untimely.

Under RESPA, a consumer protection statute that regulates the real estate settlement process, the Consumer Financial Protection Bureau ("CFPB") is tasked with prescribing rules and regulations. *See* 12 U.S.C.S § 2617(a). RESPA's Regulation X, became effective January 10, 2014. *See* Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X), 78 Fed. Reg. 10696-01, 10696 (Feb. 14, 2013). This regulation places certain obligations on mortgage servicers when a borrower submits a loss mitigation application and lays out distinct procedures and rules for submitting such applications regarding measures for assessing completeness, timelines and evaluation protocols. *See generally* 12 C.F.R. § 1024.41.

Regarding completeness, the regulation establishes that when a servicer receives an application 45 days prior to a foreclosure sale, the servicer is required

4

to immediately ascertain whether the application is complete and notify the borrower of this determination in writing within 5 days. § 1024.41(b). Generally, an application is considered complete when the servicer "has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower." § 1024.41(b)(1). If the application is deemed incomplete, the servicer must "exercise reasonable diligence in obtaining documents and information to complete [the] application," informing the borrower in the initial notification of "the additional documents and information the borrower must submit to make the loss mitigation application complete" and state "a reasonable date by which the borrower should submit the documents and information." § 1024.41(b)(1), (b)(2). If the borrower fails to respond within the reasonable time provided and the application remains incomplete, the servicer may, at its discretion, evaluate the incomplete application. *See* § 1024.41(c)(2). However, if the borrower submits the requested documents or no additional information is requested, the application is considered complete and the servicer's evaluation obligations under subsections (c) are triggered as long as the application qualifies as complete—either in actuality or facially—more than 37 days before the foreclosure sale. *See id.* § 1024.41(c).

Pursuant to subsection (c), within 30 days of receiving the complete application, the servicer must evaluate the application and determine all loss

mitigation options available to the borrower and "[p]rovide the borrower with a notice in writing stating the servicer's determination of which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage." *Id.* § 1024.41(c).  Additionally, if the borrower submits a complete application more than 37 days before a scheduled foreclosure sale, the servicer is prohibited from proceeding with the foreclosure sale until the servicer either (a) notifies the borrower of its decision regarding loss mitigation options, (b) the borrower "rejects all loss mitigation options offered", or (c) the "borrower fails to perform under an agreement on a loss mitigation option." *See id.* § 1024.41(g).  Notwithstanding these mandates, "[n]othing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option." *Id.* § 1024.41(a).

Clark submitted loan modification paperwork on March 25, 2015, only 13 days before the foreclosure sale scheduled for April 7, 2015.  Thus, Clark's loan modification application was submitted outside Regulation X's prescribed timelines for both complete and incomplete applications, and therefore, Nationstar was not required to inform Clark of her mitigation options, if any, or stop the foreclosure process.  *See* 12 C.F.R. § 1024.41(b)(2)(i), (c)(1), (g).

6

## B.  *HSBC Is Not A Loan Servicer*

Again, Regulation X's requirements only apply to mortgage servicers, and HSBC is not a servicer within the meaning of the regulation, thus the district court did not err in dismissing her claim.

Under Regulation X, a "servicer" is the "person responsible for the servicing of a federally related mortgage loan."  12 C.F.R. § 1024.2.  "Servicing" a loan is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any federally related mortgage loan . . . and making payments to the owner of the loan or other third parties . . . as may be required pursuant to the terms of the mortgage servicing loan documents or servicing contract."  *See* 12 C.F.R. § 1024.2; *See generally* § 1024.41.

According to Clark's complaint and the attached exhibits, Nationstar acted as Clark's mortgage servicer on behalf of HSBC, who merely owned the security deed.  Nationstar was the party responsible for receiving payments on the mortgage, informing Clark of her default, arranging her foreclosure solutions, and taking her loan modification application into consideration.  Thus, Regulation X's requirements do not apply to HSBC, and the district court properly dismissed Clark's Regulation X claim against HSBC.

Additionally, the district court did not err in concluding that any attempt by Clark to amend her complaint to add an allegation that she submitted a previous

loan modification request to Bank of America, who then failed to forward the paperwork to Nationstar, would be futile.  This allegation would still not state a valid Regulation X claim against Nationstar.  Clark's Bank of America loan modification application was submitted some time in 2011, before Regulation X became effective on January 10, 2014.  *See* Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X), 78 Fed. Reg. at 10696.  Nationstar has been her servicer the whole time Regulation X has been effective and Clark has never alleged that she submitted a loan modification application to Nationstar before the March 25, 2015 application referenced in her complaint (which was submitted outside Regulation X's 45 day timeframe).  Thus, allowing Clark to amend the complaint to assert her allegation that she submitted a previous loan modification request to Bank of America, who then failed to forward the paperwork to Nationstar, would have been futile.  Accordingly, the district court did not err in dismissing Clark's RESPA claim against Nationstar and HSBC.

**AFFIRMED.**

8