[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12257

Non-Argument Calendar

_____

DEBORAH KILGORE,
RHONDOLYN KILGORE,

Plaintiffs-Appellants,

*versus*

THE UNITED STATES ATTORNEY OFFICE OF ATLANTA, et al.,

Defendants,

AMERICA, THE ATTORNEY GENERAL OFFICE,

2                    Opinion of the Court                    23-12257

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-05327-LMM

————————————

Before JORDAN, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Deborah and Rhondolyn Kilgore appeal following the district court's dismissal of their civil suit for failure to obey court orders and for want of prosecution. The Government moves for summary affirmance, asserting the Kilgores have failed to preserve any challenge to the district court's order.

Appellants can abandon issues by failing to challenge them on appeal. *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994). Appellants can also abandon claims by presenting them only in "passing references" or "in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins., Co.*, 739 F.3d 678, 681 (11th Cir. 2014). "[S]imply stating that an issue exists," without providing reasoning and citation to authority that the appellants rely on, "constitutes abandonment of that issue." *Id.* (quoting *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009)).

23-12257                Opinion of the Court                3

*Pro se* pleadings are held to a "less stringent" standard than pleadings drafted by attorneys and will be liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). However, we will not "serve as *de facto* counsel for a party [or] rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

The Government is clearly correct as a matter of law that the Kilgores have abandoned any challenge to the relevant district court order in their initial brief. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[1] (stating summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case"). The Kilgores' initial brief identifies two "issues" but fails to offer supporting argument on either issue and—as the Government notes—neither issue, even liberally construed, relates to the reason for dismissal of the Kilgores' suit. *See Campbell*, 760 F.3d at 1168. Under these circumstances, and even with liberal construction, the Government is clearly correct that the Kilgores have abandoned any challenge to the dismissal of their suit in their initial brief. *Sapuppo*, 739 F.3d at 681; *Irwin*, 40 F.3d at 347 n.1. Because the Government's position is clearly correct as a matter of law, there is no substantial question as to the outcome of

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

4                    Opinion of the Court                23-12257

the case, and we grant the motion for summary affirmance.[2]  *See*
*Groendyke Transp.*, 406 F.2d at 1162.

**AFFIRMED.**

---

[2] The Government's motion to stay the briefing schedule is DENIED as moot.