[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14907
Non-Argument Calendar

_____

D. C. Docket No. 05-02073-CV-S

LARRY R. GAITHER,

Petitioner-Appellant,

versus

WARDEN,
Bullock County Correctional Facility,
THE ATTORNEY GENERAL OF STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 20, 2008)**

Before ANDERSON, HULL and FAY, Circuit Judges.

PER CURIAM:

Larry R. Gaither, an Alabama prisoner proceeding pro se, appeals the district court's denial of his petition for habeas corpus, filed pursuant to 28 U.S.C. § 2254. The district court granted a certificate of appealability ("COA") on the following issue: whether Gaither's mental incompetency claim was procedurally defaulted. For the reasons set forth more fully below, we affirm.

Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a litigant who offers no substantive argument on an issue in his initial brief abandons a challenge to that issue on appeal. See Irwin v. Hawk, 40 F.3d 347, 347 n.1 (11th Cir. 1994). In his initial brief, Gaither only addresses his claim that his convictions for felony driving under the influence were unconstitutionally obtained in violation of the Fifth Amendment protection against double jeopardy, and only makes a passing reference to his mental competency, asserting that he had been diagnosed with a mental illness in 1986. Therefore, we hold that Gaither abandoned the issue. Insofar as Gaither raises his mental incompetency claim for the first time in his reply brief, the issue is not properly before us. See Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003) (holding that this court does not address arguments raised by a pro se litigant for the first time in a reply brief). Further, to the extent Gaither

2

addresses the merits of his double jeopardy claim in his initial brief, we do not consider this claim because appellate review is limited to the issues specified in the COA.  Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

In light of the foregoing, the district court's dismissal of Gaither's § 2254 petition is

**AFFIRMED.**