[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-13770
Non-Argument Calendar
_____

D. C. Docket No. 06-00026-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC JEROME SMITH,
a.k.a. Sherome Lee Shannon,
a.k.a. Sheron Lee Shannons,
a.k.a. Sherone Lee Shannons,
a.k.a. Isaac Smith,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(November 21, 2008)**

Before BLACK, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Isaac Smith appeals pro se the denial of his motion to reduce his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). Smith argues that the district court abused its discretion in denying his motion by failing to apply Amendment 599 to his U.S.S.G. § 2K2.1(b)(5) enhancement. After careful review, we affirm.

We review a district court's denial of a defendant's § 3582(c)(2) motion for abuse of discretion. United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000); 18 U.S.C. § 3582(c)(2).

Amendment 599 became effective November 1, 2000, and amended the commentary to U.S.S.G. § 2K2.4, which provides the base offense level for individuals who have violated either 18 U.S.C. §§ 844(h), 924(c), or 929(a).[1] U.S.S.G. App. C, Amendment 599; see also U.S.S.G. § 2K2.4. Amendment 599 directed that, if a sentence under § 2K2.4 was being "imposed in conjunction with

_____

[1] Section 844(h) criminalizes the use of fire or the use or carrying of explosives during the commission of any felony. 18 U.S.C. § 844(h). Section 924(c) criminalizes the use or carrying of a firearm during and in relation to a crime of violence or a drug trafficking offense. 18 U.S.C. § 924(c). Section 929(a) criminalizes the carrying or use of a firearm and possession of armor piercing ammunition, capable of being fired in that firearm, during and in relation to a crime of violence or a drug trafficking offense. 18 U.S.C. § 929(a).

2

a sentence for an underlying offense," a district court should "not apply any specific offense characteristics for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." U.S.S.G. App. C, Amendment 599. The purpose of Amendment 599 was "to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses." Id.

Because Amendment 599 became effective November 1, 2000, prior to Smith's sentencing, Section 3582 does not permit a modification of Smith's sentence. See 18 U.S.C. § 3582(c)(2) (allowing a motion to modify when a sentencing range has "subsequently been lowered" by an amendment to the sentencing guidelines). Smith's argument also fails on the merits because Amendment 599 amended the commentary to § 2K2.4, which provides the base offense level for individuals who have violated either 18 U.S.C. §§ 844(h), 924(c), or 929(a), yet Smith violated 18 U.S.C. §§ 922(g)(1) and 924(e). Therefore, Amendment 599 is inapplicable to Smith on its face, and the district court did not abuse its discretion by denying Smith's § 3582 motion.[2]

---

[2] We also note that Smith has abandoned any argument as to Amendment 709 because he did not raise it here. See Irwin v. Hawk, 40 F.3d 347, 347 n.1 (11th Cir.1994) (noting that a pro se litigant abandons an issue by failing to challenge it on appeal).

3

**AFFIRMED.**[3]

---

[3] Because the facts and legal question at issue here are simple and straightforward, Smith's motion for appointment of counsel is DENIED.