[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 6, 2009
THOMAS K. KAHN
CLERK

No. 08-12651
Non-Argument Calendar

_____

D. C. Docket No. 00-00082-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THELTON JACOB,
a.k.a. Dred,
a.k.a. Boogie,
a.k.a. Paul Jacob,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 6, 2009)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Thelton Jacob, a federal prison inmate, moved the district court pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentences for two offenses: conspiracy to possess with intent to distribute heroin, cocaine, and cocaine base ("crack cocaine"), and possession with intent to distribute heroin. Jacob contended that he was eligible for sentence reductions under Amendments 706 and 709 to the United States Sentencing Guidelines. The district court disagreed and denied his motion. Jacob now appeals, arguing that he is eligible for sentence reductions because he was sentenced for a crack cocaine conspiracy offense.

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). However, in the § 3582(c)(2) context, "we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002).

A district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Fed.R.Crim.P. 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule includes relief under 18 U.S.C. § 3582(c)(2), which provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The Sentencing Commission's policy statement on the retroactive reduction of sentences provides:

In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1).[1] The policy statement emphasizes that a reduction in the term of imprisonment is not consistent with the policy statement, and therefore not authorized by §3582(c)(2), if "none of the amendments listed in subsection (c) is

---

[1] All citations to § 1B1.10 are to the version in the 2007 Guidelines Manual as modified by the May 1, 2008 Supplement. The May 1, 2008 Supplement supercedes the March 3, 2008 Supplement and "when used in conjunction with the 2007 Guidelines Manual . . . constitutes the operative Guidelines Manual effective May 1, 2008." See U.S.S.G. Cover (Supp. May 1, 2008).

applicable to the defendant . . ." or "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(A)-(B). Accordingly, for a district court to have authority, pursuant to § 3582(c)(2), to reduce a sentence based on an amendment to the Sentencing Guidelines, two initial conditions must be met. First, the sentence range must be lowered by the amendment. United States v. Armstrong, 347 F.3d 905, 907 (11th Cir. 2003). Second, the amendment must be listed as retroactively applicable in U.S.S.G. § 1B1.10(c). Id.

On November 1, 2007, the Sentencing Commission promulgated Amendment 709, which addresses "two areas of the Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score." See U.S.S.G. App. C, Amend. 709 (2007), Reason for Amendment. With regard to the count of multiple prior sentences, if the prior sentences were separated by an intervening arrest, they are to be counted separately. Id. If the prior sentences were not separated by an intervening arrest, they are counted separately "unless the sentences (1) were for offenses that were named in the same charging document, or (2) were imposed on the same day." Id. The Commission did not make Amendment 709 retroactively applicable. See U.S.S.G. § 1B1.10(a)-(c).

4

Amendment 706, which also became effective on November 1, 2007, amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (2007). The effect of Amendment 706 is to provide a two-level reduction in base offense levels for certain crack cocaine offenses. See id. The Commission made this amendment retroactively applicable, effective as of March 3, 2008. See U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

In United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), petition for cert. filed, (U.S. Nov. 26, 2008) (No. 08-7610), we stated that "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." Id. at 1330 (holding that Amendment 706 would not affect the guideline ranges for career offenders sentenced under § 4B1.1). Further, we have affirmed a district court's denial of a § 3582(c)(2) motion when a defendant was accountable for at least 4.5 kilograms crack cocaine because Amendment 706 did not lower the base offense level. United States v. Jones, No. 08-13298, slip op. at 444 (11th Cir. Nov. 19, 2008). Similarly, we held in Armstrong that an amendment concerning the possession of

5

firearms did "not apply factually in Armstrong's case" to allow for a reduction because his sentence had not been affected by the possession of a firearm. Armstrong, 347 F.3d at 908 (discussing Amendment 599).

Because, on appeal. Jacob does not mention Amendment 709 or the calculation of his criminal history category and counting of prior sentences, he has abandoned any claim with respect to that amendment. See Irwin v. Hawk, 40 F.3d 347, 347 n.1 (11th Cir. 1994). Even if he mentioned the amendment, it woud be to no avail because Amendment 709 is not retroactively applicable. Amendment 706 does not apply to Jacob because his sentence was based on the heroin amount alone and was not affected by the crack cocaine quantity.

For the foregoing reasons, Jacob's motion was due to be denied.

AFFIRMED.