[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14861
Non-Argument Calendar

_____

Agency No. A75-327-431

JOSE DESRAVINES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 24, 2009)

Before BLACK, WILSON and FAY, Circuit Judges.

PER CURIAM:

Jose Desravines seeks review of the decision of the Board of Immigration

Appeals ("BIA") affirming the Immigration Judge's ("IJ") order of removal and denial of his application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the U.N. Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16. On appeal, Desravines argues that the BIA abused its discretion and violated his due process rights by denying him CAT relief. Specifically, he argues that he was entitled to CAT relief because he would more likely than not be tortured if returned to Haiti. Lastly, Desravines also references his asylum and withholding of removal claims without any substantive argument.

"We review only the [BIA]'s decision, except to the extent that it expressly adopts the IJ's opinion." *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA did not adopt the IJ's decision but instead provided its own analysis, we review only the BIA's decision. The BIA's legal determinations are reviewed *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247 (11th Cir. 2001). Factual determinations, however, are reviewed under the "highly deferential substantial evidence test," which requires us to "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc).

2

Upon review of the record and consideration of the parties' briefs, we discern no error.

First, as to his CAT relief claim, "[w]e lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam). This is so even "when an alien, without excuse or exception, fails to exhaust that claim, but the BIA nonetheless considers the underlying issue *sua sponte*." *Id.* Here, we lack jurisdiction to consider his due process claim and CAT relief claim because Desravines failed to raise the issues before the BIA and exhaust his administrative remedies, notwithstanding the fact that the BIA *sua sponte* considered those claims. *See id.*

Second, as to his asylum and withholding of removal claims, "[w]hile we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (citations omitted). *See also Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (per curiam); *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979) (per curiam) (deeming abandoned an issue raised in the statement of issues but not anywhere else in the brief). Here, Desravines abandoned any issue regarding the BIA's denial of his claims for asylum and withholding of removal by failing to make a substantive argument regarding the issues in his

3

appellate brief.  In fact, the "ARGUMENT" section of his appellate brief addressed only CAT relief, with passing references to asylum and withholding of removal. Accordingly, we dismiss the petition for review.

**PETITION DISMISSED.**