[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14237
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cv-00659-TJC-JRK


WALTER NATHANIEL SMITH,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

Defendants,

ALTO DANIELS,
Correctional Officer,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 26, 2013)

Before HULL, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

Walter Smith, a prisoner proceeding pro se, appeals the district court's grant of summary judgment to Correctional Officer Alto Daniels[1] on Smith's Eighth Amendment excessive force claim.[2]  In his Amended Complaint, Smith alleged that Officer Daniels "twist[ed] [his] arms upwards in the cuffs, while he pressed [him] against the wall . . . . for some minutes" in an "unprovoked attack" away from surveillance cameras.  Smith further alleged that, as a result of the attack, he suffered pain in "his shoulder and right hand with wrist injury as well; and minor bruises to his eye and a swollen face."  The district court granted summary judgment to Officer Daniels because "the amount of force at issue . . . was de

---

[1] Smith's complaint also named as a defendant Walter A. McNeil, the former Secretary of the Florida Department of Corrections.  The district court dismissed McNeil from this action before ruling on summary judgment.  Smith does not challenge McNeil's dismissal on appeal, so any issues related to the district court's dismissal of McNeil have been abandoned.  Irwin v. Hawk, 40 F.3d 347, 347 n.1 (11th Cir. 1994).

[2] Smith has raised several other arguments in his brief that are not properly before this Court.  Although we liberally construe pro se pleadings, we nonetheless require pro se litigants to "conform to procedural rules."  Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (quotation marks omitted).

First, Smith makes arguments regarding: (1) the denial of his requests to appoint counsel; (2) the denial of his discovery motions; and (3) the release of his medical records.  These issues were raised below and, with the exception of one order addressing Smith's request for a temporary restraining order, were resolved by the Magistrate Judge.  However, because Smith "fail[ed] to timely challenge [the] magistrate's nondispositive order[s] before the district court, [he] waived his right to appeal those orders in this Court."  See Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1365 (11th Cir. 2007).

Second, Smith makes several arguments that were not raised in the district court.  For example, he argues that if his wrist injury actually occurred prior to the assault at issue here, then the "physicians were deliberately indifferent to [his] serious medical needs."  "It is well established in this circuit that, absent extraordinary circumstances, legal theories and arguments not raised squarely before the district court cannot be broached for the first time on appeal."  Bryant v. Jones, 575 F.3d 1281, 1308 (11th Cir. 2009).

Third, Smith argues against Officer Daniels's Motion to Tax Costs.  Because the district court deferred ruling on Daniels's motion until after this appeal, there is not a final decision on this issue for us to review.  See 28 U.S.C. § 1291.

minimis" and "no reasonable jury could find in favor of [Smith]."

"We review de novo the district court's grant of summary judgment, applying the same standard as the district court." Burton v. Tampa Hous. Auth., 271 F.3d 1274, 1276 (11th Cir. 2001). Summary judgment is appropriate if the pleadings and other evidence demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law" Fed. R. Civ. P. 56(a). "The moving party bears the initial burden of showing . . . that there are no genuine issues of material fact" and, if the moving party discharges its burden, "the non-moving party must . . . go beyond the pleadings . . . [to] designate specific facts showing that there is a genuine issue for trial." Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1313–14 (11th Cir. 2007) (quotation marks omitted). All evidence is viewed, and all reasonable inferences are drawn, in the light most favorable to the nonmoving party. Burton, 271 F.3d at 1277.

When prison officials are accused of using excessive physical force "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7, 112 S. Ct. 995, 999 (1992). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9, 112 S. Ct. at 1000. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de

3

minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9–10, 112 S. Ct. at 1000 (quotation marks omitted).  Thus, "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Wilkins v. Gaddy, 559 U.S. 34, ___, 130 S. Ct. 1175, 1178 (2010). While a lack of serious injury is relevant to the inquiry, "[i]njury and force . . . are only imperfectly correlated and it is the latter that ultimately counts." Id.

Taking Smith's account as true, the attack was no more than a de minimis use of force.  First, there was a lack of serious injury.  The district court properly concluded that Smith's only injury was minimal swelling around the left eye.  It is undisputed that Smith had "minimal swelling" when treated the day after the incident.  Smith alleges that he also suffered facial bruising and a fractured wrist as a result of the incident.  However, Officer Daniels has met his burden of showing that there is no genuine dispute about the existence of these injuries (no such injuries were caused by the incident), and Smith has not rebutted that showing by designating specific facts beyond the pleadings.  See Allen, 495 F.3d at 1313–14. Notes from Smith's medical examination after the incident stated that there was no "discoloration" and did not reference wrist pain.  Also, Smith's medical records show that he made inconsistent statements about when his wrist injury occurred. Finally, while later examinations indicated that Smith had fractured his wrist at

4

some point, the Director of Medical Services for the Florida Department of Corrections explained that it was "highly unlikely, if not near impossible, that the incident as alleged by Mr. Smith . . . led to" the type of fracture he suffered.  Thus, the record supports the finding that Smith suffered only the minor injury of facial swelling as a result of the incident.

Second, the type of force allegedly used by Officer Daniels (twisting Smith's arm and pressing him against the wall) was "not of a sort repugnant to the conscience of mankind."  See Hudson, 503 U.S. at 10, 112 S. Ct. at 1000 (quotation marks omitted).  Instead, it was similar to the "push or shove" referenced in Wilkins, which "almost certainly fails to state a valid excessive force claim."  Wilkins, 130 S. Ct. at 1178 (quotation marks omitted).

Therefore, even taking Smith's version of the events as true, any use of force was de minimis and the district court did not err in concluding that no genuine issue of material fact existed about whether Officer Daniels used excessive force in violation of the Eighth Amendment.

**AFFIRMED.**