[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14879
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01600-HLM

SHEILA R. LAMAR,

                                                        Plaintiff-Appellant,

versus

CLAYTON COUNTY SCHOOL DISTRICT,
et al.,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 20, 2015)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Sheila Lamar, appearing pro se, appeals from the district court's grant of

summary judgment in favor of the defendant Clayton County School District ("the

CCSD") in her employment retaliation suit under the Georgia Whistleblower's

Act, O.C.G.A. § 45-1-4 ("GWA"); Article I, Section I, paragraphs 3, 5, and 9 of the Georgia Constitution for violation of her free speech rights; and 42 U.S.C. § 1983 for violations of her First Amendment rights.  In her complaint, Lamar alleged that she was a special education teacher in the CCSD from August 2006 until she was constructively discharged as a result of her complaints to administrators concerning violations of a student's special education services, the changing of a date on a document, and another teacher's qualifications.  On appeal, Lamar: (1) argues that the district court violated her due process rights by not giving her the opportunity to be heard and present her evidence; (2) reiterates that she alleged facts showing that the CCSD retaliated against her; and (3) briefly mentions that the district court erred in denying her motion to amend her complaint and her motion to extend discovery.  After careful review, we affirm.

We review a district court's grant of summary judgment de novo.  Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002).  Summary judgment is proper when the evidence, viewed in the light most favorable to the nonmovant, presents no genuine issue of material fact and compels judgment as a matter of law.  Fed.R.Civ.P. 56(a).  A movant also may carry its summary judgment burden by showing an absence of evidence to support the nonmovant's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  However, "[a] mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion

2

for summary judgment." Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir. 2004).

Under Georgia's Whistleblower Act, a public employer may not "retaliate against a public employee for disclosing a violation of or noncompliance with a law, rule, or regulation to either a supervisor or a government agency." O.C.G.A. § 45-1-4(d)(2). GWA claims are evaluated under the McDonnell-Douglas burden-shifting analysis used in Title VII retaliation cases. Forrester v. Ga. Dep't of Human Servs., 708 S.E.2d 660, 665 (Ga. Ct. App. 2011). Thus, (1) a plaintiff must establish a prima facie case of retaliation by a preponderance of the evidence; (2) if the plaintiff makes a prima facie case, the employer must articulate a legitimate, non-retaliatory reason for the adverse employment action taken; and (3) then, the plaintiff must demonstrate that the stated reason for the employer's adverse action is pretextual. Id. at 666. The elements of a prima facie case of retaliation are: (1) the employer is a public employer; (2) the employee disclosed a violation of or noncompliance with a law, rule, or regulation to a supervisor or agency; (3) the employee experienced retaliation; and (4) there is a causal relation between the disclosure and the adverse employment decision. Id.

Retaliation is defined as "the discharge, suspension, or demotion . . . or any other adverse employment action . . . in the terms or conditions of employment for disclosing a violation of or noncompliance with a law, rule, or regulation to either

3

a supervisor or government agency." O.C.G.A. § 45-1-4(a)(5).  While Georgia law does not define adverse employment action, we've described it as a serious and material change in the terms, conditions, or privileges of employment.  Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1238 (11th Cir. 2001).  We define constructive discharge as working conditions "so intolerable that a reasonable person in [the employee's] position would have been compelled to resign."  Poole v. Country Club, 129 F.3d 551, 553 (11th Cir. 1997) (quotation omitted).

To prevail on a claim of retaliation by a government employer for alleged constitutionally protected speech under § 1983, an employee must show that: (1) the speech involved a matter of public concern; (2) the employee's free speech interests outweighed the employer's business interests; and (3) the speech played a substantial role in the adverse employment action.  Boyce v. Andrew, 510 F.3d 1333, 1342 n.12 (11th Cir. 2007).  The employer then has the burden of proving by a preponderance of the evidence that it would have made the same decision absent the protected speech.  Id.  The Supreme Court has held that a public employee's speech is not protected when his statements are made pursuant to his official duties, as opposed to when he is speaking as a private citizen on matters of public concern.  Garcetti v. Ceballos, 547 U.S. 410, 421 (2006). We have subsequently modified the first prong of the test to determine: (1) whether the employee spoke as an employee or as a citizen; and (2) whether the speech addressed an issue

4

relating to the employer's purpose or a matter of public concern. Boyce, 510 F.3d at 1342. To qualify as constitutionally protected speech under the First Amendment, the speech must be made by a government employee speaking as a citizen and be on a subject of public concern. Id. at 1342-43.

A subject of public concern relates to a matter of political, social, or other concern to the community. Watkins v. Bowden, 105 F.3d 1344, 1353 (11th Cir. 1997). To decide if an employee's speech relates to his job as opposed to an issue of public concern, we examine the content, form, and context of a given statement, on the record as a whole. Boyce, 510 F.3d at 1343. An employee cannot transform a personal grievance into a matter of public concern by invoking the public's interest in how an institution is run. Id. at 1344. "The relevant inquiry is not whether the public would be interested in the topic of the speech at issue but rather is 'whether the purpose of [the plaintiff's] speech was to raise issues of public concern.'" Maggio v. Sipple, 211 F.3d 1346, 1353 (11th Cir. 2000).

Here, the district court did not err in granting summary judgment to the CCSD.[1] As for Lamar's prima facie showing under the GWA, no jury could find that she suffered an adverse employment action as a result of her complaints about alleged violations of education statutes. As the undisputed record shows, Lamar resigned from her position in December 2012. However, other than her claim that

---

[1] Lamar's arguments regarding due process are all connected to her claim that the district court incorrectly granted summary judgment to CCSD, so we consider them in this context only.

her resignation was a constructive discharge, Lamar has not shown that she experienced a serious and material change in the terms or conditions of her employment. Indeed, she acknowledged that her "welcoming committee" and car-pool duties were part of her job duties. Nor did she show that any of her job duties changed as a result of her speech. While the principal suggested that she may be placed on a performance development plan ("PDP"), Lamar did not receive one, nor was she subject to any other type of discipline.

Lamar claims that she suffered a constructive discharge because her supervisor disagreed with her change in a student's individualized education plan ("IEP"), she got "looks" from the staff, she had disagreements with another teacher, someone forged a special education document of hers, and she was threatened with being placed on a PDP. But these allegations do not create working conditions "so intolerable that a reasonable person in her position would have been compelled to resign." Poole, 129 F.3d at 553. Thus, the district court properly granted summary judgment in favor of the CCSD on the GWA claim.

As for her free speech claims under §1983 and the Georgia Constitution, no jury could find that her speech was constitutionally protected as a statement by a private citizen on a matter of public concern. Lamar's statements were made pursuant to her official duties as a special education teacher. Although Lamar's primary duty was to implement special education services for students, she also

was a member of the IEP team, which developed the educational program for each student. Her statements concerning a student's IEP services were made within this role as an IEP team member determining the services for this student. Her concerns about a possible forged document were also made within her role as a special education teacher, ensuring that her paperwork was accurate. While the public does have an interest in ensuring schools appropriately educate students with disabilities, Lamar's speech did not have the purpose of raising these issues as a public concern, but rather served to address issues personally affecting her work and issues arising within the duties of the IEP team. Lamar even explained that she was concerned about the possible forged document because late paperwork could affect her negatively. Because she failed to establish that her alleged speech was constitutionally protected, the district court properly granted summary judgment in favor of the CCSD on Lamar's free speech claims.

Finally, we decline to consider the argument briefly mentioned in Lamar's statement of the issues that the district court erred in denying her motion to amend her complaint and her motion to extend discovery. A legal claim or argument not briefed on appeal is deemed abandoned and its merits are not considered. Irwin v. Hawk, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (applying this standard to a pro se brief). An issue is abandoned when "a party seeking to raise a claim or issue on appeal [fails to] plainly and prominently so indicate." United States v. Jernigan,

341 F.3d 1273, 1283 n.8 (11th Cir. 2003).  Passing reference to an issue does not suffice to raise it on appeal.  Hamilton v. Southland Christian School, Inc., 680 F.3d 1316, 1319 (11th Cir. 2012).  "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Even construing Lamar's brief liberally, she fails to plainly and prominently raise either of these claims on appeal and has abandoned them.  As the record shows, she does not make any arguments about her motion to amend her second amended complaint in her appellate brief other than one statement within her statement of the issues.  While Lamar does make a reference outside of the statement of the issues to her argument that the district court erred in denying her motion to extend discovery, this argument is in passing and, therefore, is not plain or prominent.  Accordingly, Lamar has abandoned these arguments on appeal.

**AFFIRMED**.

8