[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10695
Non-Argument Calendar

_____

D.C. Docket No.  5:12-cv-00459-CAR-MSH


WASEEM DAKER,

Petitioner-Appellant,

versus

COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,
ROBERT JONES,
General Counsel,
WARDEN,
DEPUTY WARDEN,
JAMES MCMILLAN,
Unit Manager,
JOHN YOUNG,
LAW LIBRARIAN, et al.,

Respondents-Appellees.

_____

No. 17-12184
Non-Argument Calendar

_____

D.C. Docket No. 5:12-cv-00459-CAR-MSH

WASEEM DAKER,

Petitioner-Appellant,

versus

COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,
ROBERT JONES,
General Counsel,
WARDEN,
DEPUTY WARDEN,
JAMES MCMILLAN,
Unit Manager, et al.,

Respondents-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Georgia

_____

(April 6, 2021)

Before NEWSOM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner, proceeds *pro se* in this consolidated appeal arising from a complaint brought under 42 U.S.C. § 1983 against seven defendants: the Georgia Department of Corrections ("GDC"); the Commissioner of the GDC; the director of the GDC's legal office; and four employees of the Georgia Diagnostic and Classification Prison ("GDCP") (collectively "the Defendants"). Daker challenges two district court orders: one denying multiple motions for

2

injunctive relief, and the other dismissing his complaint with prejudice for failing to comply with a court order.  Liberally construing Daker's arguments on appeal, he challenges those two orders on four grounds: (1) the district court erred by denying his motions for injunctive relief regarding court access as moot; (2) the district court abused its discretion by denying him leave to amend his complaint; (3) the district court abused its discretion by dismissing his amended complaint with prejudice for failing to comply with a court order; and (4) the district court erred by dismissing his amended complaint before ruling on his motion to appoint counsel or holding an evidentiary hearing as ordered by the writ of mandamus we issued.  We address each of Daker's arguments in turn.

## I.

We review the district court's grant or denial of a preliminary injunction for abuse of discretion.  *Horton v. City of St. Augustine*, 272 F.3d 1318, 1326 (11th Cir. 2001).  In reviewing the district court's entry of a preliminary injunction, we review historical findings of fact for clear error and constitutional facts and conclusions of law *de novo*.  *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011).  The grant or denial of a permanent injunction is subject to the same review as that of a preliminary injunction.  *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996).

A district court's mootness determination is reviewed *de novo*, and any related findings of fact for clear error.  *Keohane v. Sec'y, Fla. Dep't of Corr.*, 952 F.3d 1257,

1265 n.2 (11th Cir. 2020). "[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (counseled action); *see also Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (*pro se* action).

A federal court has no authority to issue opinions on moot questions or abstract propositions, or to declare principles or rules of law that cannot affect the matter at issue in the case before it. *Harrell v. Fla. Bar*, 608 F.3d 1241, 1265 (11th Cir. 2010); *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1118 (11th Cir. 1995). Thus, "[a]ny decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehabilitative Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Atheists of Fla., Inc. v. City of Lakeland*, 713 F.3d 577, 593-94 (11th Cir. 2013) (quotation marks omitted).

Here, Daker is mistaken that the district court denied all his motions for preliminary injunctive relief concerning "court access"—which included motions regarding access to a law library, legal materials, and a photocopier—as moot. The magistrate judge recommended that Daker's motions for preliminary injunctive relief concerning access to a law library and photocopier be denied because the

4

district court had previously denied motions seeking the same relief. Daker has abandoned any argument that the district court erred by adopting that portion of the report and recommendation. *See Irwin*, 40 F.3d at 347 n.1.

We further conclude that the district court properly denied as moot Daker's motions regarding access to legal materials. The magistrate judge limited his inquiry to Daker's access to the legal materials necessary to conduct discovery and prepare for the evidentiary hearing in this case. Daker conceded that the Defendants had complied with the magistrate judge's order to grant him access to those materials. Accordingly, as limited by the magistrate judge, Daker's motions regarding access to legal materials no longer presents a "live" issue. *See Atheists of Fla., Inc.*, 713 F.3d at 593-94. Additionally, Daker has abandoned on appeal the argument that the magistrate judge's order was too limited. *See Irwin*, 40 F.3d at 347 n.1. Accordingly, we affirm as to this issue.

## II.

We generally review the denial of a motion to amend a complaint for an abuse of discretion but review questions of law *de novo*. *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007).

Federal Rule of Civil Procedure 15(a)(1) states that:

A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive

5

pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).  In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

A district court can grant leave to amend subject to reasonable conditions and limitations to avoid prejudice to the opposing party.  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1271 (11th Cir. 2006).  A district court does not abuse its discretion by ruling on a motion to amend even if the plaintiff had the right to amend his complaint as a matter of course because, by filing a motion to amend, the plaintiff "waive[s] the right to amend as a matter of course and . . . invite[s] the District Court to review [his] proposed amendments."  *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869-70 (11th Cir. 2010).

Here, Daker's arguments that he was denied leave to amend are meritless because he was granted leave to amend.  Furthermore, the district court had discretion to limit Daker's amended complaint given that several of his proposed amendments concerned separate incidents at a different facility in a different district.  *See Garfield*, 466 F.3d at 1271.  Daker's arguments that his first four motions to amend were never ruled on or that he was denied his right to leave as a matter of course are also without merit.  The magistrate judge made clear at both the status conference and in his order that Daker's amended complaint would

6

supersede all of his previously filed amendments and motions to amend, not just the three specifically cited to in his order. Lastly, the magistrate judge did not abuse his discretion by ruling on Daker's first motion to amend, as Daker waived his right to amend as a matter of course by moving to amend his complaint. *See Coventry First, LLC*, 605 F.3d at 869-70. Accordingly, we affirm as to this issue.

### III.

A district court can dismiss a case *sua sponte* under Fed. R. Civ. P. 41(b) if the plaintiff fails to comply with a court order. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). We review for abuse of discretion a district court's dismissal under Rule 41(b). *Id.*

We review dismissals with prejudice more strictly than dismissals without prejudice because dismissal with prejudice is "a sanction of last resort, applicable only in extreme circumstances." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quotation marks omitted). Dismissal with prejudice is proper only when: "(1) a party engages in a clear pattern of delay or willful contempt . . . and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd.*, 432 F.3d at 1337-38 (quotation marks omitted). A finding that lesser sanctions will not suffice may be implicit. *Zocaras*, 465 F.3d at 484. A dismissal with prejudice under Rule 41(b) "upon disregard of an order, especially

where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

We conclude that the district court did not abuse its discretion by dismissing Daker's complaint with prejudice under Rule 41(b). *See Betty K Agencies, Ltd.*, 432 F.3d at 1337. Daker made no attempt to comply with the court order limiting his amended complaint to the original defendants and claims, nor did he attempt to partially comply with that order. *See Moon*, 863 F.2d at 837. Moreover, he engaged in a pattern of delay or willful contempt by filing a voluminous amended complaint and several motions to supplement it. *See Betty K Agencies, Ltd.*, 432 F.3d at 1337-38. Specifically, Daker filed an amended complaint raising over 50 claims against 60 defendants after a court order limiting him to 3 claims and 7 defendants, and rather than allow the district court to take action, Daker continued to make filings to the point where the district court allowed the Defendants to stop replying to his pleadings. Under those "extreme circumstances," the district court did not abuse its discretion by dismissing Daker's amended complaint with prejudice. *See Zocaras*, 465 F.3d at 483. Lastly, despite Daker's argument to the contrary, the district court did find that lesser sanctions would not suffice. In any event, the record supports an implicit finding that lesser sanctions would not adequately address Daker's blatant disregard of a court order or his excessive,

vexatious filings. *See Zocaras*, 465 F.3d at 484. Accordingly, we affirm as to this issue.

IV.

We review the denial of a motion for appointment of counsel in a civil case for abuse of discretion. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). We may affirm the judgment of the district court on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court. *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

Appointment of counsel in a civil case is not a constitutional right and is only justified in exceptional circumstances, including where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Under the law of the case doctrine, both district and appellate courts are generally bound to follow a prior appellate decision in the same case. *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009).

We conclude that the district court did not abuse its discretion by denying Daker's motion for appointment of counsel. *See Bass*, 170 F.3d at 1320. Daker had no constitutional right to counsel in this civil case, and there were not exceptional circumstances warranting appointment of counsel. *See Fowler*, 899 F.2d at 1096.

Nor did the district court err in cancelling the evidentiary hearing, as the reason for that hearing became moot when Daker dismissed his amended complaint. *See Kernel Records Oy*, 694 F.3d at 1309. Specifically, that dismissal rendered moot the issue of whether his claims had merit. *See Atheists of Fla., Inc.*, 713 F.3d at 593-94. Accordingly, we affirm both of the district court's orders and the dismissal of Daker's amended complaint with prejudice.

**AFFIRMED.**