[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12396

Non-Argument Calendar

_____

MOHAMMAD SHARIFI,

Plaintiff-Appellant,

*versus*

DISTRICT ATTORNEY OF MADISON COUNTY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:23-cv-00157-KD-B

_____

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Mohammad Sharifi, an Alabama state prisoner proceeding pro se, appeals the sua sponte dismissal of his 42 U.S.C. § 1983 complaint as frivolous and malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1). After careful review, we affirm. Because the facts are known to the parties, we repeat them here only as necessary to decide the case.

We hold *pro se* pleadings to a less stringent standard and will liberally construe them. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). However, an appellant abandons an issue by failing to challenge it on appeal. *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (applying this abandonment rule to a *pro se* litigant). An appellant also abandons an issue on appeal where he presents it only in "passing references" or "in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). "[S]imply stating that an issue exists," without providing reasoning and citation to authority that the appellant relies on, "constitutes abandonment of that issue." *Id.* (quoting *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009)).

We may exercise our discretion to consider a forfeited issue if:

> (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of

justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern.

*United States v. Campbell*, 26 F.4th 860, 873 (11th Cir.) (en banc), *cert. denied*, 143 S. Ct. 95 (2022).

Here, Sharifi has abandoned any purported challenge to the district court's dismissal of his case. Even when construing his brief liberally, Sharifi failed to challenge any basis of the district court's dismissal of his case. See *Irwin*, 40 F.3d at 347 n.1; *Sapuppo*, 739 F.3d at 681. Rather than argue that he was not relitigating a pending case or that §§ 1915 and 1915A in any way did not apply to him, Sharifi simply repeats his theory that he was wronged by Broussard and others for their alleged improprieties related to his criminal conviction. Thus, Sharifi has abandoned any challenge to the district court's dismissal of his complaint. *See Irwin*, 40 F.3d at 347 n.1; *Sapuppo*, 739 F.3d at 681. Although this Court may exercise its discretion to consider forfeited issues, none of the exceptions to the usual forfeiture rule apply to Sharifi's appeal. *See Campbell*, 26 F.4th at 873.

**AFFIRMED.**