[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13395

Non-Argument Calendar

_____

DAVID Q. WEBB,

Plaintiff-Appellant,

*versus*

MIAMI-DADE COUNTY,
MAYOR, MIAMI-DADE COUNTY, FL,
MIAMI DADE HOMELESS TRUST,
EXECUTIVE DIRECTOR, MIAMI DADE HOMELESS TRUST,
CAMILLUS HOUSE INCORPORATED, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-23122-RNS

————————————

Before BRASHER, ABUDU, and HULL, Circuit Judges.

PER CURIAM:

David Q. Webb, *pro se*, appeals the district court's September 26, 2023 order (1) dismissing his amended complaint without prejudice as an impermissible shotgun pleading and (2) denying his motions for referral to a volunteer attorney program. Webb also appeals (1) the district court's subsequent October 4, 2023 order denying his motion for injunctive relief and motion for referral to a volunteer attorney program and (2) the district court's October 13, 2023 entry of judgment against him. After review, we affirm.

## I.    PROCEDURAL BACKGROUND

### A.    Initial Complaint

On August 16, 2023, Webb, *pro se*, filed a "verified" complaint against 16 defendants. (Font altered.) Webb alleged these eight counts "against each defendant": (1) a Title VI of the Civil Rights Act of 1964 claim ("Count I"); (2) a False Claims Act claim ("Count II"); (3) an Americans with Disability Act claim ("Count III"); (4) a 42 U.S.C. § 1983 claim alleging Webb was denied equal protection; (5) a Fourth Amendment claim ("Count V"); (6) a Fourteenth Amendment claim ("Count VI");

(7) a deliberate indifference claim ("Count VII"); and (8) a "Florida state vicarious liability culpability" claim ("Count VIII"). (Font altered.)

On August 25, 2023, the district court *sua sponte* struck Webb's complaint as an impermissible shotgun pleading. The district court noted that "Webb's complaint appears to arise from a dispute relating to the denial of his application for Permanent Supportive Housing." The district court pointed out the complaint "repeatedly incorporate[d] antecedent allegations into subsequent claims for relief." The district court determined "Webb's allegations ma[d]e it nearly impossible for the [district court] to discern (1) which allegations appl[ied] to which claims; (2) what causes of action[] [were] alleged and as to which Defendants; and (3) what facts support[ed] Webb's allegations of wrongdoing." Because Webb's complaint was a shotgun pleading, it did not comply with Federal Rules of Civil Procedure 8(a) and 10(b).

In its *sua sponte* order, the district court instructed Webb to replead his case through an amended complaint and directed Webb, at length, on how to cure the deficiencies in his complaint. The district court explained that Webb's "complaint must contain specific allegations with respect to each Defendant, separating the distinct allegations against the various Defendants into separate counts, which must each identify a particular cause of action."

The district court further instructed Webb: (1) "to plead only facts that are tethered to a viable cause of action against each Defendant and to identify which facts relate to which cause of

action"; (2) to "state his claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances"; (3) "to avoid conclusory or vague allegations, or to at least supplement them with fact-based claims"; and (4) "to ensure that he endeavors to separate different causes of action[], to the extent there is more than one, into separate, numbered counts."  (Quotation marks omitted.)

Webb's amended complaint was due on or before September 8, 2023.  The district court warned Webb that failure to comply timely with its order would result in his complaint being dismissed without further leave to amend.

## B.    Webb's Three Amended Complaints Between August 30, 2023 and September 11, 2023

On August 30, Webb filed his first amended "verified" complaint ("FAC").  (Font altered.)  The FAC brought claims against 14 defendants, all of which were the same as his initial complaint, with the exception of two individuals who were not named in the FAC.  Webb's FAC alleged the same eight counts as his initial complaint "against each defendant," but also outlined 28 individually numbered "cause[s] of action" within the eight counts, some of which were styled against a single defendant.  (Font altered.)  For the "cause[s] of action" which were styled against a single defendant, many included allegations against other defendants. (Font altered.) Furthermore, some of the "cause[s] of action" were styled against multiple defendants at once, without specifying which defendants were directly responsible for which

allegations.  (Font altered.)  For example, under Count VIII, titled "Florida state vicarious liability culpability," Webb included a section styled "general allegations common to all defendants below."  (Font altered.)

Additionally, while Webb removed some of the language incorporating preceding counts into antecedent counts, he nonetheless explicitly realleged and incorporated specific numbered paragraphs of facts within counts across causes of action against different defendants.  Webb's FAC appeared to contain the same substantive information as his initial complaint, albeit copied and pasted into different sections of the FAC, as well as embedded emails and letters that he allegedly sent to various defendants.

On September 5, 2023, Webb filed a supplemental "verified" amended complaint ("SAC"), which was largely duplicative of the FAC.  (Font altered.)  On September 11, 2023, after the district court's September 8, 2023 deadline for filing an amended complaint, Webb filed a second supplemental "verified" amended complaint ("TAC"), which was also largely duplicative of the FAC.  (Font altered.)

## C.    District Court's September 26, 2023 Dismissal Order

On September 26, 2023, the district court *sua sponte* dismissed "Webb's amended complaint" without prejudice because he failed "to appreciably address" the pleading deficiencies identified in the district court's August 25, 2023 order.  In doing so, the district court cited the FAC, SAC, and TAC.

In that regard, the district court first noted that Webb had filed not one, but three "purportedly amended complaints," had not sought any leave from the district court to modify or supplement his original amended pleading, and that Webb's TAC was filed after the September 8 deadline. The district court added: "Nonetheless, in consideration of Webb's status as a pro se litigant and elderly individual, the [district court] has reviewed all his submissions in detail."

The district court then determined that Webb's amended complaint continued to qualify as a shotgun pleading. The district court found that "the legal and factual bases for Webb's complaint [were] not entirely clear, and the facts supporting his claims [were] not discernible." Importantly, Webb's allegations were comprised of "conclusory allegations, intermingled with disconnected facts, presented along a disjointed timeline of events."

The district court also determined that Webb completely ignored its instructions to plead facts tethered to his claims against each specific defendant and instead attempted to address the issue by copying and pasting the same exact allegations for different defendants. Webb's amended allegations were replete with extensive paragraphs containing numerous accusations. The district court concluded Webb's amended complaint had failed to shed the key characteristics of a shotgun pleading. The district court repeated that it remained impossible to discern "(1) which allegations apply to which claims; (2) what causes of action[] are alleged and as to which Defendants; and (3) what facts support

23-13395                Opinion of the Court                7

Webb's allegations of wrongdoing."    The district court's September 26, 2023 order dismissed Webb's amended complaint and closed the case.

Nonetheless, and even though the case was closed, Webb filed a "second amended verified complaint" on October 2, 2023, which in effect was Webb's fourth amended complaint. (Font altered.) In a subsequent order, the district court stated that this filing "was done without requesting leave from the [district court], after the case had been closed and dismissed." The district court informed Webb that if he "would like to file a new complaint, he must follow the proper procedure for amendment or for instituting a new case." On October 10, 2023, Webb filed a motion "in accordance with FRCP Rule 15 and [Local Rule] 15.1" to file an attached "second amended verified complaint." (Font altered.) Basically, Webb filed again his fourth amended complaint but this time with a motion to amend. In a later order dated October 16, 2023, the district court denied Webb's motion for leave to amend as moot.[1]

In addition to filing three amended complaints in the August to September 2023 timeframe, Webb also filed motions for injunctive relief and motions for referral to a volunteer attorney program during and after that time period. We recount those motions too.

---

[1] In this appeal, Webb does not raise any issue with the district court's treatment of his October 10, 2023 motion for leave to amend.

### D.    Motions for Injunctive Relief

On September 11, 2023, Webb filed an "urgent" motion for injunctive relief, seeking an injunction to prevent Miami-Dade County Government and Camillus House from discharging him from further homeless services and sending him "to the [s]treets of Miami" without money, housing, or employment.  (Font altered.) In support, Webb identified letters from two doctors stating that any emotional or physical stress would result in the exacerbation of his angina, "resulting in life threatening heart attacks."  (Font altered.)

On September 15, 2023, the district court denied without prejudice Webb's motion for injunctive relief as deficient for (1) failing to comply with local rules, (2) failing to adequately set forth the date by which a ruling was needed or the reason a ruling was needed by that date, and (3) failing to meet the notice requirements for injunctive relief.   The district court also determined that even if Webb's motion was not procedurally deficient, his motion would fail on the merits because, among other defects, Webb failed to adequately argue a substantial likelihood of success on the merits of his claims.

On September 19, 2023, Webb filed another emergency motion for injunctive relief, this time seeking relief by September 21, 2023 and addressing the elements for injunctive relief.  The next day, the district court denied Webb's motion.  The district court determined that Webb failed to provide the factual and legal

support to justify his requested relief and continued to fail to meet the notice requirements for injunctive relief.

After the district court dismissed Webb's amended complaint as a shotgun pleading and closed the case on September 26, 2023, Webb filed a third emergency motion for injunctive relief. The next day, the district court denied Webb's motion.

On October 2, 2023, Webb filed a fourth motion for injunctive relief. Two days later, the district court denied Webb's motion for injunctive relief. The district court noted that there was no operative complaint in the case, and thus Webb "clearly failed to establish a likelihood of success on the merits."

### E.    Requests for Referral to Volunteer Attorney Program

On August 16, 2023, the same day Webb filed his initial complaint, he also filed a motion for referral to a volunteer attorney program. After dismissing Webb's initial complaint without prejudice as a shotgun pleading and giving Webb an opportunity to amend, the district court denied Webb's motion for referral without prejudice. The district court stated that "[s]hould Webb file an amended complaint that complies with [its] order, he may renew his motion for referral to a volunteer attorney program at that time."

Between August 30, 2023 and September 25, 2023, Webb filed three motions for referral to a volunteer attorney program. After the district court on September 26, 2023 dismissed Webb's amended complaint without prejudice as a shotgun pleading and closed the case, the district court denied as moot Webb's motions

for referral to a volunteer attorney program because he "ha[d] not filed a complaint that sufficiently establishe[d] how he c[ould] validly proceed with this litigation."

After the case was closed, Webb filed a "second expedited motion for referral to [a] volunteer attorney program" on October 2, 2023.  (Font altered.)  Two days later on October 4, 2023, the district court denied Webb's motion for referral.  The district court explained that "Webb ha[d] not filed a complaint that sufficiently establishes how he can validly proceed with this litigation."

On October 10, 2023, Webb also filed another expedited motion for referral to a volunteer attorney program based on the urgent need to prepare properly an emergency motion for injunctive relief.

**F.    October 13, 2023 Entry of Judgment**

On October 13, 2023, the district court entered a "judgment" in the case, stating: "The [district court] has dismissed this action. Because the [September 26, 2023] order dismissing this action is a judgment, as defined by Rule 54(a) of the Federal Rules of Civil Procedure, the [district court] enters judgment in this matter under Rule 58 of the Federal Rules of Civil Procedure.  This matter is to remain **closed**."[2]  (Internal citation omitted.)

---

[2] This order is dated October 11, 2023, but it was entered on October 13, 2023. The exact date of this order has no impact on Webb's appeal.

In a separate court only docket entry, the district court terminated Webb's pending October 10, 2023 expedited motion for referral to a volunteer attorney program.

Webb timely appealed.

## II.    STANDARD OF REVIEW

We review the district court's dismissal of a complaint on shotgun pleading grounds for abuse of discretion. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). We similarly review the denial of a preliminary injunction for abuse of discretion, reviewing any underlying legal conclusions *de novo* and any findings of fact for clear error. *Swain v. Junior*, 961 F.3d 1276, 1285 n.3 (11th Cir. 2020). We review the district court's denial of a motion for appointment of counsel for an abuse of discretion. *Bass v. Perrin*, 170 F.3d 1312, 1319 (11th Cir. 1999).

We liberally construe *pro se* pleadings. *Pinson v. JPMorgan Chase Bank, N.A.*, 942 F.3d 1200, 1206 (11th Cir. 2019). An appellant abandons a claim when he makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority. *Sapuppo v. Allstate Floridan Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (applying this rule to a *pro se* litigant). "[S]imply stating that an issue exists," without providing reasoning and citation to authority that the appellant relies on, "constitutes abandonment of that issue." *Sapuppo*, 739 F.3d at 681 (quoting *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009)).

## III.    DISCUSSION

### A.    Dismissal as Shotgun Pleading

A complaint must contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).    Further, claims should be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  "Shotgun" pleadings include complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.  *Weiland*, 792 F.3d at 1321-23.  A shotgun pleading is characterized by its failure "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id*. at 1323.

A district court may dismiss a complaint on shotgun pleading grounds under its "inherent authority to control its docket and ensure the prompt resolution of lawsuits."  *Vibe Micro Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotation marks omitted).    However, in the case of a non-merits dismissal on shotgun pleading grounds, the district court is required to *sua sponte* allow the litigant one chance to remedy the deficient pleading.  *Id*. at 1295-96.  Similarly, a plaintiff proceeding *pro se*

generally must receive at least one opportunity to amend the complaint if he might be able to state a claim by doing so. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291-92 (11th Cir. 2018). If the district court permits the plaintiff to amend and explains in its repleading order how the offending complaint violates the shotgun pleading rule, but the plaintiff still fails to remedy the shotgun pleading issues, the district court generally does not abuse its discretion in dismissing the case with prejudice. *Vibe Micro*, 878 F.3d at 1296.

The district court did not abuse its discretion in dismissing Webb's amended complaint without prejudice as a shotgun pleading because: (1) the district court gave Webb an opportunity to replead with detailed instructions on how to cure those deficiencies; (2) Webb did not comply with those instructions; and (3) Webb's amended complaint still contained all the features of a shotgun pleading, including, *inter alia*, asserting multiple claims against multiple defendants without specifying which of the defendants were responsible for which acts and incorporating facts and allegations from preceding causes of action.

## B.    Denial of Preliminary Injunction

To be entitled to a preliminary injunction, a movant must demonstrate that "(1) it has a substantial likelihood of success on the merits, (2) the movant will suffer irreparable injury unless the injunction is issued, (3) the threatened injury to the movant outweighs the possible injury that the injunction may cause the opposing party, and (4) if issued, the injunction would not disserve

the public interest." *Horton v. City of St. Augustine*, 272 F.3d 1318, 1326 (11th Cir. 2001). Procedurally, the district court generally may issue a preliminary injunction only after notice has been given to the adverse party. Fed. R. Civ. P. 65(a)(1).

On appeal, Webb challenges the district court's dismissal of his October 2, 2023 "second emergency motion for injunctive relief." (Font altered.) In dismissing Webb's motion, the district court noted that "[t]he instant emergency motion [wa]s Webb's fourth request for [injunctive] relief, and the second one since the [district court] dismissed his complaint as a shotgun pleading." The district court found that Webb failed to establish a likelihood of success on the merits because there was no operative complaint.

The district court did not abuse its discretion in denying Webb's motion for injunctive relief because, as discussed above, Webb's amended complaint was properly dismissed as a shotgun pleading. Therefore, Webb cannot establish that his claims, which were already dismissed, had a substantial likelihood of success on the merits.

## C.    Denial of Referral to Volunteer Attorney Program

Civil litigants have no absolute constitutional right to counsel. *Bass*, 170 F.3d at 1320. However, under 28 U.S.C. § 1915(e)(1), a district court may appoint counsel for an indigent plaintiff. *Id.* "Appointment of counsel in civil cases is, rather, a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*,

983 F.2d 189, 193 (11th Cir. 1993) (quotation marks omitted) (alterations in original).

We do not need to determine whether extraordinary circumstances exist here. Webb only references in passing the district court's denial of his motions seeking referral to a volunteer attorney program and offers no substantive argument on that point. Webb thus abandoned any challenge to the denial of his motions for referral to a volunteer attorney program. *See Sapuppo*, 739 F.3d at 681.

In any event, the district court did not abuse its discretion in denying Webb's requests for a referral to a volunteer attorney program. The district court denied Webb's requests as moot, after it dismissed his complaint as a shotgun pleading.

## IV.    CONCLUSION

For the reasons stated above, we affirm the district court's (1) September 26, 2023 order that dismissed Webb's complaint without prejudice and denied Webb's motions for referral to a volunteer attorney program, (2) October 4, 2023 order that denied Webb's motion for injunctive relief and motion for referral to a volunteer attorney program, and (3) entry of judgment for the defendants.

**AFFIRMED.**